No. 23-5153

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 12, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>  Plaintiff - Appellant Cross-Appellee,  )<br>)<br>v.                                                                )<br>)<br>SHERMAN KELVIN COMBS,                          )<br>)<br>  Defendant - Appellee Cross-Appellant.  ) | O R D E R |

Before: READLER, MURPHY, and DAVIS, Circuit Judges.

In this cross-appeal, defendant Sherman Kelvin Combs seeks review of a district court order denying in part his motion to dismiss the indictment in his criminal case. The government moves to dismiss Combs's cross-appeal for lack of jurisdiction in the absence of a final appealable order. Combs responds in opposition, and the government replies.

Generally, we only have jurisdiction to consider appeals from final decisions of the district court. 28 U.S.C. § 1291. In criminal cases, "the rule prohibits appellate review until conviction and imposition of sentence." *Flanagan v. United States*, 465 U.S. 259, 263 (1984). "As a general rule, a pretrial order denying a defendant's motion to dismiss an indictment is not an appealable 'final decision' under Section 1291." *United States v. Bilsky*, 664 F.2d 613, 615 (6th Cir. 1981). The limited exception is the collateral order doctrine, under which an interlocutory order is immediately appealable if it: "1) conclusively decide[s] the disputed issue; 2) resolve[s] an

important issue separate and independent from the merits of the action; and 3) [is] effectively unreviewable on appeal from a final judgment." *Id.* at 616 (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468–69 (1978)). In the criminal context, the collateral order doctrine applies in only two situations: "orders denying motions to dismiss on double jeopardy grounds and orders denying motions to reduce bail before trial." *United States v. Andrews*, 857 F.3d 734, 742 (6th Cir. 2017) (cleaned up). Combs cross-appeals the district court's order denying his motion to dismiss Count 2 of the indictment. But that order is not a final appealable order and does not fall under the limited exception provided by the collateral order doctrine.

In the alternative, Combs argues that we should exercise pendent appellate jurisdiction over his cross-appeal. However, we have never exercised pendent appellate jurisdiction in a criminal case. Even if we had, Combs fails to show that application of the doctrine is appropriate in this case. We have discretion to exercise pendent jurisdiction over non-appealable issues and will do so only if the non-appealable issue is "inextricably intertwined" with the appealable issue, which "occurs when the nonappealable issue is 'coterminous with, or subsumed in' the appealable issue, or, put another way, when '[o]ur finding on the first issue necessarily and unavoidably decides the second.'" *Watkins v. Healy*, 986 F.3d 648, 659 (6th Cir. 2021) (alteration in original) (citations omitted).

Combs argues that the dismissal of Count 1 and the non-dismissal of Count 2 are inextricably intertwined because, if 18 U.S.C. § 922(g)(8) is unconstitutional, a false statement as to his prohibited status could not be "material" under 18 U.S.C. § 922(a)(6). However, the Supreme Court has held that a false statement statute is not impacted by the constitutionality of the underlying statute. *See Dennis v. United States*, 384 U.S. 855, 867 (1966); *Bryson v. United States*, 396 U.S. 64, 72–73 (1969); *Kay v. United States*, 303 U.S. 1, 6 (1938). We have held

similarly. *See Cassity v. United States*, 521 F.2d 1320, 1322 (6th Cir. 1975). Indeed, the district court recognized this distinction between § 922(g)(8) and § 922(a)(6) when it declined to dismiss Count 2, because a cause of action under § 922(a)(6) may be prosecuted independently of § 922(g)(8), even if § 922(g)(8) is held unconstitutional. Thus, Counts 1 and 2 are not inextricably intertwined, and we decline to exercise pendent jurisdiction.

Combs raises the issue of judicial estoppel but cites no case law where judicial estoppel has been applied to prevent or create jurisdiction, which is an independent finding not based on the parties' arguments. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Even if Combs is correct that the government's arguments before us are inconsistent with its arguments below, that does not affect our analysis of our own jurisdiction. *See id.* Therefore, we lack jurisdiction over Combs's cross-appeal.

Accordingly, the motion to dismiss is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk